UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RODNEY JEAN McGRAW,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No.: 3:10-cv-00308-HA

ORDER

HAGGERTY, District Judge:

On August 19, 2011, this court entered a Judgment remanding this matter to the Commissioner for further proceedings. Following the remand, plaintiff was awarded $63,273.00 in retroactive benefits. Plaintiff's counsel now moves for a fee award totaling $3,848.34. Plaintiff was previously awarded $6,000.00 in fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, but plaintiff did not receive $3,848.34 of that award because it was used to satisfy plaintiff's past due child support obligation. Plaintiff's counsel now seeks that portion of the EAJA fee through 42 U.S.C. § 406(b). No objections have been raised by the Commissioner to this motion, however, this court must ensure that the fee award being sought is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's Motion [29] for the approval of attorney fees is granted.

1 -- ORDER

## DISCUSSION

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both a § 406(b) fee payment and an EAJA fee, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Here, plaintiff's counsel and her client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received or the amount of the EAJA fee. This agreement is within the statutory limits.

The next step is to confirm that the fee counsel seeks does not exceed § 406(b)'s twenty-five percent ceiling. The requested fee represents only six percent of plaintiff's total retroactive benefits award, so it is also within the statutory limits.

Finally, this court must perform an independent check to ensure that the fee award is reasonable in this specific case. *Gisbrecht*, 535 U.S. at 807. This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2)

2 -- ORDER

the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney will receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009). The burden rests with the plaintiff's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

The record in this case provides no basis for a reduction of the requested § 406(b) fee. Plaintiff's counsel filed her opening brief on time and presented sound arguments in her briefing that persuaded the Commissioner to stipulate to a successful remand for her client. Plaintiff's counsel spent a reasonable amount of time on this case (21.5 hours for preparing the opening brief and communicating with her client), the issues were not particularly risky or complex, and she undertook an average risk in agreeing to represent plaintiff on a contingency basis. After examining the record, this court concludes that counsel has made an adequate showing that the requested fee award is reasonable. This fee will reasonably compensate counsel for her work on this case, and will prevent a potential disproportionate loss of benefits to plaintiff and an unwarranted windfall to counsel. *See Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

## CONCLUSION

For the reasons stated, counsel's Motion for Attorney Fees [29] is granted. Counsel is entitled to $3,848.34 in § 406(b) fees, representing six percent of plaintiff's retroactive benefits.

IT IS SO ORDERED.

DATED this 20 day of March, 2013.

Ancer L. Haggerty
United States District Judge

3 -- ORDER